James E. MITCHELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 41272.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 19, 1980.

L. J. Kutten, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert
Otto, Asst. Atty. Gen., Jefferson City,

George R. Westfall, Pros. Atty., Clayton,
for respondent.

CLEMENS, Senior Judge.

The trial court granted Movant James E.
Mitchell (hereafter "defendant") an eviden-
tiary hearing on his amended Rule 27.26
motion. Defendant now appeals from the
denial thereof. Newly appointed counsel
now represents defendant.

In 1974 defendant pled guilty to armed
robbery and was sentenced to imprisonment
for 25 years. That sentence was suspended
and the court placed defendant on proba-
tion for five years. Then in 1977 the court
revoked probation and ordered defendant
imprisoned in accordance with the original-
ly suspended sentence.

Defendant then filed his Rule 27.26 mo-
tion and upon denial thereof he has appeal-
ed, raising two points. First, he contends
that when he originally pled guilty he relied
on his counsel's prior statement he "would
do no more than five years". Second, de-
fendant contends his counsel at the revoca-
tion hearing was ineffective by failing to
ask the court to grant credit on the 25-year
sentence for the forty-two months defend-
ant had been on probation. These in turn.

On the first point the record shows a
course of plea bargaining. Before the
guilty plea defense counsel conferred with
the court and reported to defendant that
the court would either impose a five-year
sentence, or if defendant wanted probation
the sentence would be 25 years imprison-
ment. Defendant chose the latter and the
court then sentenced him to 25 years im-
prisonment but suspended the sentence and
placed defendant on probation for five
years. Forty-two months later, following a
hearing, defendant's probation was revoked.

At the Rule 27.26 hearing defendant tes-
tified that before pleading guilty his coun-
sel had told him he would get five years
probation and would get no more than that
"no matter what happened".

At the Rule 27.26 hearing defense counsel
testified about his pre-plea conversations

with the defendant concerning the sentence to be imposed. Defendant now relies on the following:

Question: Let me ask you this: Did you tell him the judge's sentence was just a sham and he would only get five years no matter what period of time the judge sentenced him to? During the probation—was a presentence investigation done?

Answer: Yes.

Standing alone, the first part of that double-barrelled question would support defendant's contention if counsel's "yes" referred to a maximum five-year sentence. But it would not do so if the "yes" referred to the latter part of the question concerning a pre-sentence investigation. For clarification, we look to further questions put to counsel about what he had told defendant of the sentence to be imposed. He had told defendant if he was to be on five years probation it would be from a 25-year sentence. He also told defendant if he violated probation "he would do the 25 years". Thereupon, defendant told counsel he "decided to take the 25 years with probation".

■ We conclude defendant has not sustained his burden of showing his counsel was ineffective by telling him a guilty plea would result in no more than five years in prison. We deny defendant's first point.

By defendant's second point he contends his counsel was ineffective at the parole revocation hearing by failing to ask the court to give defendant credit on the 25-year sentence for the prior forty-two months he had been on judicial probation. That is permissible in the court's discretion under Section 549.101, RSMo 1969. At the Rule 27.26 hearing defense counsel frankly acknowledged he had been unaware of the cited statute when the court revoked probation.

■ Although we affirm the judgment *sentencing defendant to 25 years in prison*, we hereby grant defendant leave, if he so desires, to move the circuit court, in its discretion, to amend its judgment by granting defendant in accordance with the cited

statute credit against the 25-year sentence for the time defendant was on probation. Since Judge Hoester presided at each step of the proceedings we do not order an evidentiary hearing on defendant's said motion, if filed.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.